We'll just note them for the record. The first submitted case is number 05-7094, Ebert v. Department of Veterans Affairs. The second submitted case is number 05-3351, Regattos v. Office of Personnel Management. And the third submitted case is number 06-3052. Again, those three cases are submitted on the briefs without oral argument. The first of the two cases in which we'll hear oral argument this afternoon is number 05-1305, Auto Meter Products v. International Trade Commission. Mr. Petty, you can start whenever you're ready. May it please the court, in the over 35 years that Auto Meter grew its business from a literal barrage operation to the leader in its market segment, the high-performance automotive aftermarket, it developed very strong rights in its trade dress and trademarks, including the trade dress of the monster tachometer and its super bezel, now principal registered product configuration trademark. It brought this investigation because it was facing a flood of Chinese and other imports, and this was an opportunity to try to stop the copying and imitation of its trademarks and riding off of its goodwill in the marketplace. The investigation during the violation phase was a complete success for Auto Meter. Three of the respondents defaulted by not appearing. Two appeared, defended, and then refused to continue their defense and were defaulted as a sanction. The remaining 14 respondents settled and accepted consent orders prohibiting their further infringement. It was not to the remedy phase that Auto Meter ran into difficulty before the commission. During the remedy phase, the commission failed to grant Auto Meter the full scope of relief it was entitled to under 19 U.S.C. 1337. The commission erred in three respects, and those errors were based on errors of law. As a consequence, it was abuse of the commission's discretion to refuse to grant the full remedy that Auto Meter requested. The first error concerned— You're saying the error of law is an abuse of discretion? Yes, Your Honor. As a consequence of the error of law, they abused their discretion. I understand. The first error concerned the refusal to grant a general exclusion order prohibiting all infringing imports. Where is the legal error in that, Counsel? Your Honor, the commission first relied on 1337 D.2 and G.1 in denying Auto Meter the general exclusion order. But wasn't there a statement that was made by Auto Meter on May 3, 1904 that they did not intend to seek a general exclusion order? That's correct, Your Honor, but that was not the basis on which the general exclusion order was denied. The denial of the general exclusion order was based on a misinterpretation and misapplication of the standards of proof under 1337 D.2, which is the statute that the commission now acknowledges is the controlling statute here, because 1337 D.2 applies when you have some of the respondents defending the complaint, even though some others may not have. Under 1337 D.2, the commission imposed a standard which is not literally in the statute, a substantial, reliable, and probative evidence standard, which would apply to the violation that Auto Meter proved. And the commission erred in concluding that the default judgment against the two defaulters that appeared and were sanctioned was not sufficient to establish a violation. Not because the default judgment can't establish a violation to support a general exclusion order, but because the default itself is not a substantial, reliable, and probative evidence. The commission imposed yet another hurdle that Auto Meter had to go over before it could use the defaults to establish the single, at least one violation necessary to support a general exclusion order. There's nothing in the statute, there's nothing in the commission's regulations that required this extra hurdle. And that hurdle was a presentation before the administrative law judge of exactly the same evidence that supported the default judgment in the first place. In other words, the pleadings in the complaint and the evidence and affidavits set forth in the complaint. The commission has ruled as a matter of law, and concluded in this case, that absent a rubber stamp by the ALJ, either through a summary determination motion or through a hearing, that evidence, the uncontested evidence submitted through the complaint and the associated exhibits, could not support a finding of substantial, reliable, probative evidence. And that was simply a fact. There's nothing really discretionary upon the commission. The statute says may issue a general exclusion order, not must. That's correct. So if it's may, the discretionary authority of the commission would be there, and they made a determination not to issue the general exclusion order. The commission, that was the abuse of discretion here, because the basis for not granting the general exclusion order was not the discretionary factors. It was solely whether the default judgments could constitute substantial, reliable, and probative evidence. The commission stated no other reason for denying the general exclusion order. And the standard for substantial, reliable, and probative evidence isn't a rubber stamp or finding by an administrative law judge. The Supreme Court, in construing the Administrative Procedures Act, has held that substantial, reliable, probative evidence is a preponderance of the evidence, establishing a prima facie case which is not rebutted or otherwise discredited. In this case, there was absolutely no evidence that rebutted or discredited any of the evidence submitted. You're arguing that in every case in which there's a default, there must of necessity by law be a general exclusion order? No, not at all. A good example is one of the cases that- Why weren't you arguing that? You're saying if you prevailed, right, you're entitled to the- What is it that entitles you here to a general exclusion order? We have a default judgment against five different respondents, supported by more than mere allegations in the complaint. We had exhibits, and there were affidavits, and other substantial evidence. So any instance in which a person in your position brings in proper some evidence on the record, which may or may not be true, you proper the evidence on the record, and the other party defaults, then by law you get a general exclusion order. In this context- That's what you're asking for, isn't it? As long as that evidence is not rebutted by another party. Sure. If it's a default judgment, by definition it's not rebutted. Not necessarily, because the- Who's going to rebut the evidence?  If the party against whom it's offered doesn't. Well, the OUII- And the proffer doesn't withdraw the evidence themselves. The investigative attorney has the opportunity to do that if they- They're going to do that in a default case? Absolutely. They do it frequently in a default case? Well, I can't be an expert on all the actions- Why on earth would anybody in the ITC worry a bit about when there's a total default? Well, that's a good question, Your Honor. But the commission has, in several cases that were decided in our group, has issued general exclusion orders based on defaults. And the only distinction between- Well, they have the discretion to do so if they wish to do so. My problem was I understood your case to be saying that here you're going- The discretion was the failure to follow the law, and the law requires a general exclusion order when you've won by consent. I misunderstood your question. The law requires more than just a violation. And the issue here isn't whether or not Autometer established any of the other factors. We have a confessed error by the parties that didn't show up. The problem is that a threshold requirement for a general exclusion order is to establish a violation. After you establish a violation, all you need is one, and the commission concedes in their rhetoric it can't be a default. Then the commission turns to the other evidence required to establish a general exclusion order. In other words, circumvention of orders or repeated infringements by unknown sources. The commission never reached that in this case. They never looked at that evidence. They stopped at whether or not there was a violation, and that was the error, because they failed to recognize that a default in this situation, where it's based on more than just mere allegations, where there's substantial evidence in the record that's unrebutted, is sufficient to establish that threshold one violation. Well, there will always be substantial evidence in a record that's not rebutted if nobody shows up to complain. And that should be enough. Because substantial evidence is just only this amount of evidence, right, that can cross a reasonable line. In that case, the complaint standing alone would be substantial evidence. That's absolutely correct, Your Honor. And on that basis, the commission then has the obligation to look at the rest of the evidence that's submitted, this evidence that Autometer submitted in spades. There was a tremendous amount of evidence of circumvention, repeated infringements by unknown sources. That's where the commission had discretion to deny a general exclusion order had they ever reached that. We don't think there's a principal reason for them to deny a general exclusion order here because that evidence was very strong. But they refused to go to that step because they refused to recognize that the default judgment in this case, that we had an issue, was sufficient to establish a violation. And the error was that this requirement that they've imposed, which cannot be supported by the regulations, the APA, or the statute, that you run this past the ALJ first. And, in fact, a good example of one of the cases they rely on, in the ITC case in Ray Certain, Novelty Glass, which is cited in the red brief at 51, the commission looked at a complaint that was based solely on the allegations of information and belief. And it was that kind of complaint that was before the commission as a default that the commission found was insufficient. And what did the commission do? In that case, the commission sent it back to the ALJ and asked for submission of more evidence. Autometer made that remand to the ALJ completely unnecessary because in pleading its complaint, Autometer provided the kind of evidence that the commission in Certain, Novelty Glass required. Documentary evidence, physical evidence, and evidence of the trademarks and trade restitution, including evidence showing secondary meaning and all the other requirements to have established a violation. Mr. Petty, you're into your rebuttal. Do you want to save the rest of your rebuttal time? Yes, sir. Okay. Thank you. We'll hear from the commission. Ms. Walters? Thank you, Judge Hall, and may it please the Court. The commission has consistently held that defaults alone are insufficient to support general exclusion orders. The commission didn't in fact determine, based on evidence, that anyone was actually violating Section 337 as required by the statute. But that doesn't mean that affirmative determination of violation based on default respondents are insufficient. In fact, you can have an affirmative determination of violation with regard to a default respondent that supports a general exclusion order so long as it's supported by substantial, reliable, and probative evidence. So it has to be more than just substantial. That's the whole test, isn't it? Substantial, reliable, and probative? It has to be substantial, reliable, and probative evidence. That's the test. So if in fact a default judgment is entered, as it was in some of these other cases, is the commission bound to every default judgment that's ever entered subsequent to that to issue a general exclusion order? No, Your Honor. Is that a precedent set by them? No, absolutely not, Your Honor. A default respondent, a default, is not based on the evidence. It is based on Section 337G1. It is based on a presumption of the facts, and that is by the governing statute for the commission. You have to take the additional step when you want a general exclusion order and prove more beyond what is just in the complaints. You actually have to present evidence, and typically this is done through a summary determination motion. An automator actually did in fact file a summary determination motion trying to get this evidence before the administrative law judge in order to get the affirmative determination of violation and then also to prove the D2 factors with respect to circumvention and pattern of violation. The ALJ denied that motion as untimely, and automator didn't move at that time to reinstate the hearing. There are really only two ways to get evidence of violation before the commission, and they both begin with the ALJ. One is the summary determination motion, which is the procedure that automator tried, and one is through a hearing. They had opportunity for both and were not successful in proving an affirmative determination of violation, and therefore they cannot get a general exclusion order regardless of any evidence of circumvention or pattern of violation. Ms. Walkers, what impact does it have when they did not seek a general exclusion order when they first filed? Right. And subsequently they changed their mind and they tried to get a general exclusion order. Does that have any impact on the proceedings? Well, they indicated to the commission and to the ALJ that they were not going to be seeking a general exclusion order. That was when they canceled the hearing. And the commission, even so, the investigative attorney actually argued for a waiver and said that no, in fact, they could not move forward on a general exclusion order. The commission did not hold on that, and the ALJ did not. The ALJ determined that it was untimely, decided that waiver was an issue for the commission, and the commission did not pick up on that issue and move forward with it. So a waiver is not a basis that the commission is presenting its opinion today. However, it does look a little bit suspicious. Why did the commission deny the general exclusion order request? It was because there was no affirmative determination of violation based on substantial, liable, and probative evidence once the motion for summary determination had been denied. And since that's a prerequisite to getting the general exclusion order, the commission determined that Autometer cannot receive a general exclusion order in this case. Well, will there be that preliminary determination in a default case? Absolutely, there can be, and that's through the summary determination motion of violation. That's typically what parties do when there's a default respondent. There's really no reason to have a trial because typically the default respondents don't show up at the very end of a case. And so typically it's through a summary determination motion. A party will present the evidence before the ALJ. The ALJ will consider it and determine whether, in fact, based on the evidence that is now on the record, whether there was, in fact, a violation that has been proven. So your point is that here Autometer did not present that evidence to an ALJ. Is that right? That's correct. They attempted to. But they're now arguing that they should have had an opportunity to present that evidence to the full commission. That's what I understood him to be saying. Yes, they do argue that in their reply brief that they should have had the opportunity to present the evidence during the remedy phase of violation to the commission. But the commission doesn't consider evidence of violation once it's moved on to the remedy in the remedy phase. Like I said, there are only two ways to get evidence before the commission that relates to violation, and they both begin with the ALJ. The commission does not typically consider evidence in the first instance of violation. Now, the commission will consider evidence relating to the G2 factors because that is a remedy-specific issue. And so during the remedy phase, the commission will consider that evidence, but not evidence of violation. That has to have the opportunity for a hearing according to the APA. And so that will go through the summary determination motion. And Autometer waived that opportunity to present that evidence in a hearing. Is that correct? It moved to cancel the hearing when it found that all of the parties were either going to settle or default. And so it did not move to reinstate the hearing or the procedural schedule in order to present that evidence once the summary determination motion had been denied. They could have done that. That would have been an opportunity for them to present the evidence. Or they could have filed a new investigation to present the evidence as well. Can they now present a new proceeding? Yes. They can file a new investigation before the commission and proceed in that investigation. So they're not entirely precluded. They're just precluded in this particular investigation. On all three trademarks or just the one that was on a supplemental register and then became registered on a principal register? They could move for general exclusion order on all three. On all three? On all of the trademarks. That's correct. And they could, in fact, enter the principal registration as well. That was one of the marks that was not included in the remedy by the commission because the complaint was never amended to include the principal registration. But, again, they could file a new investigation to add that principal registration into the complaint and get a presumed, potentially, a general exclusion order, but a limited exclusion order if not. So from your perspective, basically what Auto Meter wants to do is to shortcut the system because if they wanted to get where they actually want to be today, they should have brought forth their principal register issue earlier and they should have asked for the hearing and gone through the steps to get the determination that would have been the predicate for a request for a general exclusion order even in a consent in a default setting. Yes, absolutely, Your Honor. Auto Meter is trying to fix in the remedy phase what it didn't do during the violation phase before the commission. And you see that throughout. They could have amended the complaint to include the principal registration. They also should have amended the complaint to include the new products and new. . . What happens in the hearing stage when nobody shows up to contest, which is what happened here? Don't the allegations, in effect, just get accepted by the ALJ and said, OK, fine, you've made out your prima facie case? No, not necessarily, Your Honor. We're actually, the commission is a special entity whereby there is an investigative attorney that represents the public and they actually will not necessarily stand in for the party, but they will represent the interests of the public and so there would be a full hearing in the same sense with adverse parties before the ALJ. So it is possible that the evidence that's being proffered by the complainant could be rejected, massaged, altered by the investigative attorney by the input from that side? Yes, absolutely. Absolutely, that's definitely the case. Because I was going to ask if it's really just a matter of maybe somebody dropped the ball procedurally and it was a sure thing that Auto Meter was going to get the relief it's asking for after it goes back and uses the taxpayer's money plus their client's money, why not just go ahead and do it? But I gather it's because it's not a sure thing. Right, and actually the investigative attorney in this particular case was getting ready to depose different witnesses and so they were preparing for the hearing when the hearing was in fact canceled. So it's possible they would have come forward and would have presented evidence of their own, would have challenged the evidence presented by Auto Meter and it's possible that, yes, the evidence would not have been sufficient to make a firm determination of violation. So I also, I just have a couple more minutes, I just want to point out a couple of other things with regard to the principal registration. Auto Meter argues that it should have been allowed to amend the complaint, again, to add the principal registration during the remedy phase based on Commission Rule 210.14c, which says that post-institutional amendments to conform to the evidence can be made at any time. The at any time limitation is still tempered by Commission Rule 210.14b, which requires that a motion to amend the complaint after institution of the investigation must be made to the presiding administrative law judge. Again, here they failed to make that motion and so the principal registration did not make it into the complaint. And it's important to get into the complaint because it not only provides notice to the default respondents of the allegations that are made against them, but it also defines the scope of the investigation for the Commission. With regard to the products that were not, there were certain products that were not included in the remedy, and they were also not included in the remedy because the complaint was not amended. Auto Meter found out in sufficient amount of time that there were new products that were being imported and new relationships among the parties. However, Auto Meter, again, did not move to amend the complaint in order to add these allegations into the complaint, but found out early enough to have done so. Moreover, they attempt to rely on public interest in their reply brief to suggest that that can be used to broaden the scope of the remedy. However, if you look at Section 337 of G1, the public interest factors that are recited therein specifically are used to limit the scope of the remedy. That is if they are violated. So public interest cannot, in fact, be used to broaden the remedy. And because the remedy reflects the allegations that are actually in the complaint, it is a reasonable remedy. And accordingly, the Commission did not abuse its discretion in selecting this remedy. Thank you for your time. Thank you, Ms. Holder. Mr. Petty? You ran over a little bit, but we'll give you your full five minutes of rebuttal. Thank you, Your Honor. I would like to address the principal registration issue first. This is an example of an absolutely, utterly clear case of law. The Commission is treating the principal registration like it constitutes a new trademark, a new right, some new matter that was never involved in the investigation. The principal registration is for exactly the same trademark that was at issue throughout the entire investigation. But you have different rights under the supplemental register than you do under the principal registration. The trademark exists whether it's common law, supplemental, or principal. Absolutely. The only thing the principal registration does is it recognizes that the super-bezel configuration trademark is entitled to all of the benefits of the landmark, and those are primarily procedural benefits, the burden of proof-shifting, which is critical. It does not create a new right. It also gives you rights under 337. Which we already had, because 337— But you don't have it if it's a supplemental register. You certainly do. Any registration is a basic— But not if it's under supplemental. Under the Lehman Act? Under 337, that's sufficient. Moreover, you don't need a supplemental registration to bring a 337 action. Common law rights are sufficient. You can do it under common law rights. And the trademark is exactly the same. The only significance of the common law pleading is Auto Meter had a pending application at that time for the principal registration. A pending application that was pled in the complaint, was an exhibit of the complaint, and was used throughout the investigation as a description for the super-bezel trademark. But it was being opposed. It was in opposition. The delay was not Auto Meter's fault. It was tied up in an opposition. So there was no assurances that it would be transferred to the principal register at that point. Not until the spring of 2004, when the opposition was settled, and Auto Meter put everyone on notice, including the ALJ, that it was settled, and a principal registration would issue. In fact, in August, during the violation phase, Auto Meter expressly told the Commission and the OUII, and the rest of the world, that the registration would issue in September of 2004, within a month. Auto Meter could not have amended its complaint before the ALJ to include the principal registration, because it didn't issue until the day before the investigation terminated. And a day later, on the day the investigation terminated, which was completely beyond Auto Meter's control, the principal registration was submitted. In fact, the Commission is trying to read together two different rules. 21014C does not require a motion before the ALJ. There's nothing in that rule that requires that. In fact, it says, to the contrary, the pleadings can be amended at any time during the investigation, including during the remedy phase. The fact that the only requirement is the evidence that you're using to justify the amendment was not objected to by any of the parties. And no one, including the OUII attorneys, objected to the introduction of the application for the super bezel or the principal registration in the introduction of that, that by necessity had to be during the remedy phase when the Commission can accept evidence on remedy. And of course, the principal registration went directly to the remedy issue. That registration should be included in each of the limited exclusion orders, should a general exclusion order not be issued. And it's nonsensical for the Commission to be fighting on this, because that principal registration can only help the Commission and Auto Meter enforce the Commission's limited exclusion orders. From a common-sense and public policy standpoint, the Commission should be encouraging a party like Auto Meter... When you were arguing that amendments could be made at any time, you read that anytime language? Yes. In 21014C? Correct. But isn't 21014C talking about issues not raised by the pleadings, but are considered during the taking of evidence? In this, yes, Your Honor. And it says then amendments during the taking of evidence can be made to conform, so they can be made at any time during the taking of evidence. That's correct. And during the remedy phase, the Commission can take evidence relevant to the remedy issue. The only question that the Commission cannot handle, its rules do not permit it to do, is take evidence on violation. The maturing of... Don't you think it ought to be read that a new issue relating to the... If you're talking about the remedy, if you're taking of evidence during the remedy, you could put in matters any time during the taking of evidence on the remedy, but why should you be allowed when you're on a remedy proceeding to bring evidence in on the merits from the earlier proceeding? It doesn't have to do with the merits, Your Honor. The limited exclusion order applied because there was a presumed violation of the trademark, the super-bezel trademark. The principal registration does not change the trademark. The trademark is identical. Well, there has to be a finding that the principal registration is identical to the common law mark, doesn't it? That was not disputed. Throughout the... Well, nothing was disputed. No, no, no. I think that's not correct, Your Honor. The Commission entered consent orders that are referred to in our brief that specifically said the principal registration application is a good definition of the super-bezel trademark, the common law trademark. The Commission attorneys admitted that the principal registration application is an appropriate description of the super-bezel trademark. There was never a dispute. Every party agreed that the application which matured into the principal registration was an appropriate description of the trademark at issue from the very outset of the complaint to the end of the issuance of the limited excluded orders. There's no question it was in evidence. There's no question that it was appropriately admitted during the remedy phase. No. In fact, I don't really think that an amendment to the pleadings was required because it's not a new matter. It's a maturing of something that was already a record into something else, into something that was a full-fledged principal registration. Moreover, Autometer made its motion as soon as it could. It requested the... It did not... We did not think that an amendment was required. We requested leave in our remedy brief to submit an amendment if it was necessary. Once it was indicated it was, we did submit an amendment with a reconsideration motion. And that was the error of law, misunderstanding what principal registration means by the Commission. And I see my time is elapsing. Thank you, Mr. Petty. Case is submitted.